McIlvaine, J.
It is quite appai’ent, from the record before us, that the theory of the plaintiff’s case adopted by thé court below, at the trial of the action, was essentially different from the view taken at the time the motion to strike irrelevant matter from the amended petition was. sustained.
The amended petition, after the motion to strike out had been sustained, contained the usual averments of an action for contribution by one surety against his co-surety, and nothing more. The gist of the action, as then stated, was, that the plaintiff', of 1ns own moneys, had paid the mutual debt of the parties, whereby a right had accrued to him to demand a judgment against the defendant to the extent that such payment had inured to his benefit.
If the plaintiff’s cause of action had been this, and nothing more, we think the argument of defendant’s counsel in *521 •favor of the affirmance of the judgment below would he unanswerable.
But the case, as submitted, to the jury upon the proofs, •and as stated in the first proposition contained in the charge of the court, assumed that the debt of Mills to Knott, for which the plaintiff and defendant were liable as co-sureties, ■had been paid by the plaintiff’out of an indemnity or trust property placed in his hands by the principal debtor; in which, however, other persons who were liable for Mills as ■co-sureties with the plaintiff, on other indebtedness, had an interest. And that the plaintiff afterward had been compelled to account to such .other co-sureties for a part of the trust estate so used by him for his own and the defendant’s benefit, in the payment of the Knott note.
If the state of facts constituting the plaintiff’s cause of ■action, thus stated to the jury, was sufficient to entitle him to recover, then we think the judgment below should be reversed, for the reason that the case, upon the whole charge, was .not fairly submitted.
It is true that the cause of action thus brought .under consideration, consists of facts very different from- those stated in the petition. But it can not be regarded as fatally variant. Neither party can be heard to object. The defendant; because he was not misled, nor did he object to the introduction of the testimony; and also for the reason, that the allegations necessary to make the petition conform to the ease as it was stated to the jury, were ■stricken out on his own motion. And as to the plaintiff, if he were to ask the .reversal of the judgment below on the ground of error in sustaining the motion to strike out, it would be a sufficient answer to say that he was not prejudiced by the error, for the reason that, upon the trial, he had the benefit of all the allegations so stricken out.
In our opinion, the facts 'enumerated in the first proposition of the charge, constituted a good cause of action in the plaintiff. The mortgage executed by Mills to him, as indemnity against loss by reason of his suretyship, inured to the benefit of all his co-sureties. In equity, he became a *522 trustee, and the mortgaged property a trust estate in him,, which he was bound to hold and manage for the protection of all those who were bound with him as sureties for Mills by the several notes mentioned in the mortgage. The mortgaged property being insufficient for the full payment of all the notes, it was his duty, upon the failure of Mills to pay, or to cause the notes to be paid, to administer the trust, by applying the property or its proceeds ratably upon all the debts against which it had been given as indemnity.
Instead of converting the whole of the mortgaged property into money, and applying it ratably upon the several notes, he transferred a part of it, through the agency of the mortgagor, to Knott, the holder of one of the notes, and in full payment of his claim. By this transaction, the defendant was benefited equally with the plaintiff, and both were discharged from further liability to Knott. It turned out, however, that by making full payment to Knott, a greater proportion of the property was applied for the benefit of these parties than should have been. And hence the plaintiff became liable to and did account to his other co-sureties for the deficit produced in their shares of the trust property. To the extent that the plaintiff thus became liable to and did account to his other co-sureties, we think the-plaintiff had a clear right in equity to call upon the defendant for contribution. As between these parties alone, it was the duty of the plaintiff to extinguish the whole of the debt to Knott out of the property which he had received from their principal. This he did, but by so doing he became liable to and did respond to the other sureties; yet, in the absence of actual fraud on his part, we think the defendant can not, in good conscience, be permitted to enjoy and share the benefits of the transaction, without also bearing a share of its burdens. This is equality. The case is not one for the application of the maxim, ex dolo malo non oritur actio.
As above stated, this view of the plaintiff’s ease was not, by reason of subsequent instructions, fairly submitted to *523 the jury. The mere form of the transaction between the plaintiff, Mills, and Knott, does not determine its true character. The claim of Knott was unquestionably discharged by Mills conveying the lands to him. In order to invest him with the complete title, it was necessary that the interests of both the mortgagor and the mortgagee should be transferred. The mode adopted was a release by the mortgagee and a conveyance by the mortgagor in fee. This mode was unobjectionable. The same end would have been accomplished, if the equity of redemption had been released to the mortgagee and the fee conveyed by him to Knott. The mode adopted no more indicates the real character of the transaction than the other mode would have done. The important question was: Did Wilson, by parting with his interest in the mortgaged property, procure the discharge of the note? That Mills conducted the negotiations,, and passed the title to Knott by his deed, are facts entirely consistent with the affirmative of this question. If the plaintiff parted with his interest in the land for the bona fide purpose of having it conveyed to Knott in payment of his claim, and would not otherwise have released the mortgage, then, as between him and the defendant, he is entitled to the credit of having paid the note. And if this-hypothesis be true, it can not affect the plaintiff’s rights, that Mills, in the same transaction and in consideration of parting with his equity of redemption, procured from Knott a contract for the redemption or repurchase of the lands at a future day, or obtained any other right in relation thereto-valuable to himself. In this view of the case, we think the-second and third propositions contained in the charge were,, to say the least, misleading.
In reversing the judgment below upon this ground, we-do not desire to be understood as intimating that a case may not be made, or even that the testimony in this record does not tend to show a state of facts which would preclude-the plaintiff’s right to recover in the action. Unquestionably,, if he released his mortgage for the sole benefit of the mortgagor, or his own personal discharge from liability on ác *524 count of Knott’s note, without exercising good faith toward the defendant as his co-surety, he ought not, in equity, to have contribution from him, although his conduct incidentally, but unintentionally, resulted in the discharge of the defendant also from liability on the note.
The fourth instruction ought not to have been given. If it be admitted that the matter stated therein could, in any event, become the predicate for an estoppel, there is nothing in the testimony, as we understand it, which tends to show that the defendant was induced thereby to do or to ■omit to do anything, without the doing or omitting of which he could have saved himself from loss.
If the plaintiff should eventually recover in this action, how should the amount be ascertained ? We doubt whether •the rule laid down by the court below is the true one. The defendant is not concluded by the amount of the recovery by the co-sureties in the Greene county case. He was not a party to that suit. Those co-sureties were entitled to recover their fro rata shares of so much of the mortgaged property conveyed to Knott as was in excess of the proportion properly applicable to the payment of his note for $6,000, with interest, and no more. We are inclined to think that, ■upon the facts appearing in this case, the actual value of the property at the time it was conveyed, constitutes the true basis for accounting. If Knott accepted, in full payment of his claim, property of less value than the amount of his claim, it would have been inequitable to charge Wilson, in accounting with his co-sureties in that case, with the full .amount of such indebtedness. If the value of the property conveyed to Knott by the plaintiff, or procured to be conveyed by him, was not in excess of the proportion of the whole mortgaged property properly applicable to the payment of his note, the co-sureties of the plaintiff on other notes had no right to complain; nor should the defendant ■in this action be compelled to account, if, in fact, the Knott note has received only its ratable share of the mortgaged property.
*525 Judgment reversed, and cause remanded for new trial.
Day, O. J., White and Rex, JJ., concurring. Welch, J., not sitting.